Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4625 | **DATE** | NOV 3 0 2001 |
| **CASE TITLE** | Brandon K, and his parents and next friends, Larry and Cindy K. vs. New Lenox School District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion to dismiss the plaintiffs' amended complaint is granted in part and denied in part.

(11) ■ [For further detail see

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | DEC 0 3 2001 date docketed |
| ☒ Docketing to mail notices. | |
| Mail AO 450 form. | docketing deputy initials |
| Copy to judge/magistrate judge. | DEC 0 3 2001 date mailed notice |
| vg(lc) courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials |

Document Number: 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Brandon K., and his parents and next )
friends, Larry and Cindy K., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　) No. 01 C 4625
v. )
　　　　　　　　　　　　　　　　　　　　) HONORABLE DAVID H. COAR
New Lenox School District, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## MEMORANDUM OPINION AND ORDER



Before this court is defendant's, New Lenox School District ("the District"), motion to dismiss plaintiffs', Brandon K., and his parents and next friends, Larry and Cindy K., amended complaint seeking attorneys fees and costs, pursuant to the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. §1415(I)(3), 34 CFR §300.513. For the following reasons, the defendant's motion is granted in part and denied in part.

### Background

Brandon K. is a student with a learning disability who resides in the District and is eligible for special education services under the IDEA. Plaintiffs Larry and Cindy K. are his parents. The amended complaint stems from the following implementing regulation of the IDEA statute:

> In any action or proceeding brought under Section 615 of the Act, this court may . . . award reasonable attorneys fees as part of the costs to the parents of a child with a disability who is the prevailing party.

1

20 U.S.C. §1415(I)(3), 34 CFR §300.513.

On or about November 6, 2000, the plaintiffs requested a due process hearing under the IDEA in order to obtain specialized instruction for Brandon K. On the morning of the hearing, February 16, 2000, the District made an offer of settlement. After negotiation, a settlement was reached that included an acceptable educational program for Brandon K., as well as a similar program of services to meet the needs of his older sister with a specific learning disability, Brittany K.[1]

On February 19, 2000, Agreed Orders regarding Brandon K and Brittany K. were transcribed and entered.. Pursuant to the Agreed Order, the first Individual Educational Plan (IEP) meeting was convened by Mary E. Moran ("Convener Moran") on April 3, 2001. Convener Moran requested that the parents and the School District each choose a contact person to assist the Convener in communicating with each party, their experts, their other team members and their respective attorney. The parents chose Ms. Alice Vaught ("Vaught") M.Ed. Convener Moran assigned responsibilities to Vaught in order to implement the settlement agreements. At the second IEP meeting, held on June 14, 2001, it was decided that both Brandon K and Brittany K. would be placed at Acacia Academy, a private school for children with learning disabilities. An IEP was drafted for each child.

The plaintiffs were represented throughout the above process by Joseph Daniel Thomas ("Thomas"), an attorney licensed in Illinois and Indiana. Prior to the filing of the amended complaint, the plaintiffs made a demand for payment of their attorney fees, expenses and costs

---

[1] As the rules of the Illinois State Board of Education do not allow more than one student to be included in a proceeding, a separate transcript was made of the settlement agreement terms for the second child, Brittany K.

upon counsel for the defendant. There was no response from the defendant or its counsel. Subsequently, plaintiffs filed amended complaint seeking the reimbursement of attorneys's fees and costs associated with obtaining an appropriate educational placement for Brandon K.

### Standard of Review

Typically, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

### Analysis

Defendant moves to dismiss plaintiffs' amended complaint seeking payment of attorneys' fees and costs pursuant to Section 1400 of the IDEA. For the following reasons the defendant's motion is denied in part and granted in part.

*A. Attorneys' fees*

The IDEA provides, "The court, in its discretion, may award reasonable attorneys' fees as

3

part of the costs to the parents of a child with a disability who is a prevailing party." 20 U.S.C. § 1415(i)(3)(B). The parties dispute whether plaintiffs meet the definition of a prevailing party. The complaint alleges plaintiffs are prevailing parties because an enforceable settlement agreement between plaintiffs and the District was transcribed and entered as a record for the due process hearing.

Recently the Supreme Court, in Buckhannon Board and Care Home, Inc., 121 S.Ct. 1835 (2001), found that acquiring prevailing party status is only possible upon "a corresponding alteration in the legal relationship of the parties." Id. at 1840. Accordingly, Buckhannon grants prevailing party status to parties who receive favorable judgments on the merits or enter into settlement agreements enforced through consent decrees. Id. "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered "chang[e][in] the legal relationship between [the plaintiff] and the defendant." Id. (internal citations omitted). In dicta, the Court intimated that private settlements do not confer prevailing party status. Id. at n. 7 ("Private settlements do not entail the judicial approval and oversight involved in consent decrees").

The plaintiffs contend that the negotiations which led to the Agreed Order did, in fact, change the legal relationship between the plaintiffs and the District and therefore allows them to qualify as a prevailing parties under Buckhannon.[2] The District argues that the negotiations

---

[2] In the alternative, the plaintiffs contend that Buckhannon is inapplicable because that case involved the Americans With Disabilities Act ("ADA") and the Fair Housing Amendments Act ("FHAA") rather than the IDEA. This court agrees, however, with the other courts that have found this distinction to be unpersuasive. Jose Luis R., et al. v. Joliet Township H.S. District 204, 2001 WL 1000734, *1 (Aug. 29, 2001, N.D. Ill.)(stating that "[t]here is no language in Buckhannon suggesting the opinion is limited to ADA and FHAA cases. The Court refers to fee-shifting statutes in general throughout the opinion. Id. at 1843.); J.S. & M.S. v. Ramapo

4

were more like a private settlement than a consent decree because a voluntary settlement agreement was reached between the parties without any judicial intervention or an administrative hearing.

The fact, however, that the plaintiffs and the District came to an agreement prior to the official commencement of an administrative hearing does not conclusively establish that the settlement negotiations were private. Jose Luis R., et al. v. Joliet Township H.S. District 204, 2001 WL 1000734, *1 (Aug. 29, 2001, N.D. Ill.). A consent decree is defined as a "contract of the parties entered upon the record with the approval and sanction of a court of competent jurisdiction, which cannot be set aside without the consent of the parties. . ." Barron's Law Dictionary, p. 97 (1996).

In this case, it is undisputed that the terms of the settlement, including placement of Brandon K. and Brittany K. at a private school and direction to draft an IEP for each child, were transcribed and entered into the due process hearing as a formal Agreed Order of the Hearing Officer, Atty. Susan Einspar-Wayne on February 19, 2001. Interpreting all the facts in favor of the plaintiffs, the legal relationship between the plaintiffs and the District changed when the settlement terms were issued as an Agreed Order by an impartial hearing officer. Accordingly, the plaintiffs may be entitled to prevailing party status.

*B. Fees Relating to any Meeting of the IEP Team*

In 1997, Congress amended the IDEA, limiting recovery of attorneys' fees. The amendments plainly state: "Attorneys' fee may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial

---

Central School District, 2001 WL 1180923, *4 (Sept. 21, 2001, S.D.N.Y.).

action[.]" 20 U.S.C. §1415(i)(3)(D)(ii). There is little room to debate the language of that statutory provision, and plaintiffs have not advanced any contrary interpretation or precedent. In this case, as in the case cited by the defendant, M.V. v. Bloomingdale Elem. Sch. Dist., 98 C 8408, 1999 WL 417394 (Marovich, J. N.D. Ill.1999), plaintiffs seeks attorneys' fees and experts fees which are associated with the various IEP meetings for Brandon K. The IEP meetings were not convened as a result of any administrative proceeding or judicial action, but rather by official and formal consent. Consequently, applying the clear and unambiguous language of §1415(i)(3)(D)(ii) here, this court finds the plaintiff is barred from recovering fees associated with the IEP meetings.

*C. Expert Fees*

As indicated, the IDEA provides that "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Whether expert fees are payable under this section of the IDEA remains unsettled in the law. Indeed, as noted in the case cited by the defendants, Eirschele v. Craven County Bd. of Ed., 7 F.Supp.2d 655, 658 (E.D.N.C.1998), no circuit court, apparently, has ruled on whether expert witness fees can be considered "costs" under this provision. The statute does not expressly mention of the cost of experts.

Nevertheless, plaintiffs argue that Congress intended that expert fees be part of the costs payable under the statute. In support of their argument plaintiffs cite to a House of Representatives Conference Report:

> The conferees intend that the term "attorneys fees as part of the costs" include reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the

6

parent or guardian's case in the action or proceeding, as well as traditional costs incurred in the course of litigating a case.

H.R.Conf.Rep. No. 99-687, at 5 (1986). Relying on this history, some courts have found that properly documented and reasonable expert fees are payable. See Pazik v. Gateway Regional School District, 130 F.Supp. 2d 217, 220 (D.Mass. 2001); B.K. v. Toms River Bd. of Educ., 998 F.Supp. 462, 473 and n. 14 (D.N.J.1998);Field v. Haddonfield Bd. of Ed., 769 F.Supp. 1313, 1323 (D.N.J.1991).

This court, however, agrees with the defendant that expert fees are not recoverable under the IDEA. The defendant cites two cases for its proposition, Eirschele and Cynthia K. v. Board of Ed. Of Lincoln-Way High Sch. Dist. 210, 1996 WL 164381, *2 (Castillo, J. N.D. Ill.). Both cases rely on a similar interpretation of the Supreme Court's holding in West Virginia Univ. Hosp. V. Casey, 499 U.S. 83 (1991), in which the Supreme Court interpreted 42 U.S.C. § 1988, whose then-current language was almost identical to 20 U.S.C. §1415, as not authorizing recovery of expert witness fees as part of the costs and attorneys' fees recoverable by the prevailing party in civil rights litigation. Writing for the majority in Casey, Justice Scalia acknowledged the IDEA House Conference Report upon which the plaintiff there made reference. Such legislative history, Justice Scalia stated, "undercuts rather than supports [the plaintiff's] position: The specification would have been quite unnecessary if the ordinary meaning of the term included those elements. The statement is an apparent effort to depart from ordinary meaning and to define a term of art." Casey, 499 U.S. at 91 n. 5, 111 S.Ct. 1138.

This court agrees with the Eirschele court's analysis which reasoned "that footnote 5 of the Casey opinion only acknowledged a party's argument and, instead of adopting that position as

7

law, flatly rejected it. . . Furthermore, <u>Casey</u> made clear that conference committee interpretations that are not evidenced by the plain language of the adopted statute do not provide such authority." Consequently, similar to <u>Eirschele</u> court, this court holds that because the Supreme Court in <u>Casey</u> held that the words "reasonable attorney's fees as part of the costs" did not provide for an award of expert witness fees, Section 1415's provision for "reasonable attorneys' fees as part of the costs" likewise does not provide for an award of expert witness fees, despite what some members of the House conference committee who considered the statutory language may have intended.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss the plaintiffs' amended complaint is granted in part and denied in part.

Enter: *[signature]*

David H. Coar

United States District Judge

Dated: **NOV 3 0 2001**